## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

     -vs-                                No. Civ. 06-1216  LH/RLP

JON EDELMAN aka JON J. EDELMAN or JOHN
J. EDELMAN,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Docket No. 6), filed May 31, 2007, and Motion to Strike Reply to Response to Motion for Summary Judgment (Docket No. 15), filed September 25, 2007, and the Motion of United States for Summary Judgment (Docket No. 11), filed August 21, 2007.  The Court, having reviewed the Motions, the memoranda of the parties, the record, and the applicable law, and otherwise being fully advised, finds that Defendant's Motion to Dismiss is not well taken and will be **denied**; Plaintiff's Motion for Summary Judgment will be **denied as premature**; and Defendant's Motion to Strike Reply will be **denied as moot**.

The United States brings suit against Defendant Edelman to reduce to judgment certain federal tax assessments for the years 1979 through 1985, 1987, 1992 through 1998, and 2003.  (First Am. Compl. (Docket No. 3), filed Apr. 16, 2007, ¶ 1.)  The claimed aggregate unpaid balance of these assessments, including accrued interest as of December 14, 2006, is $412,074,674.12.  (*Id.* ¶ 8.)  The United States also asks for interest and other statutory additions accruing after December

14, 2006, until paid; a 10 percent surcharge authorized by 28 U.S.C. § 3011; and costs of this action. (*Id.* at 5-6.)

Defendant, appearing *pro se*,[1] has filed a Motion to Dismiss.  He first argues that this action should be dismissed because the Internal Revenue Service (IRS) has unlawfully used this lawsuit to "unilaterally" extend the statute of limitations, in violation of 26 U.S.C. § 6502.[2]  He also maintains that the filing of this suit deprives him of his constitutional right to due process, in that he will not be able to exhaust such administrative remedies as an open appeals process and a pending written offer.  In the same vein, he claims that the matter is not ripe because there is currently an

---

[1]     *Pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 5121 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[2]     Section 6502, Collection after assessment, provides in part:

**(a) Length of period.--**Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun–

**(1)** within 10 years after the assessment of the tax, or

**(2)** if--

**(A)** there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into; or

**(B)** there is a release of levy under section 6343 after such 10-year period, prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before such release.

If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

26 U.S.C. § 6502.

open appeals process and a written offer pending.  Finally, he contends that while issues are pending

with the IRS, the collateral order doctrine[3] precludes this Court from hearing this matter.

Defendant's grounds for dismissal of the First Amended Complaint are meritless.  The

United States has not acted unlawfully in "unilaterally" extending the statute of limitations by filing

this suit.  As the government sets forth in the First Amended Complaint, this matter is authorized

by, and the Court has jurisdiction over it pursuant to, 26 U.S.C. §§ 7402[4] and 7403[5] and 28 U.S.C.

---

[3]     As explained by the Tenth Circuit,

[t]he "collateral order doctrine" is a judicially created exception to 28 U.S.C. § 1291, which grants
appellate courts jurisdiction over "final decisions of the district courts of the United States . . . ."
Under this doctrine, courts of appeal may review only those interlocutory orders which "'conclusively
determine the disputed question, resolve an important issue completely separate from the merits of
the action, and [are] effectively unreviewable on appeal from a final judgment.'"

*United States v. Ambort*, 43 Fed. Appx. 263, 264 n.3 (2002) (second alteration in original)(*quoting United States v.
Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999)(*quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978))).

[4]     Section 7402, Jurisdiction of district courts, provides in part:

**(a) To issue orders, processes, and judgments.**--The district courts of the United States at the
instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and
orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and
processes, and to render such judgments and decrees as may be necessary or appropriate for the
enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not
exclusive of any and all other remedies of the United States in such courts or otherwise to enforce
such laws.

. . . .

**(f) General jurisdiction.--**

For general jurisdiction of the district courts of the United States in civil actions involving
internal revenue, see section 1340 of title 28 of the United States Code.

26 U.S.C. § 7402.

[5]     Section § 7403, Action to enforce lien or to subject property to payment of tax, provides in part:

**(a) Filing.**--In any case where there has been a refusal or neglect to pay any tax, or to discharge any
liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate,
at the request of the Secretary, may direct a civil action to be filed in a district court of the United
States to enforce the lien of the United States under this title with respect to such tax or liability or

§§ 1340[6] and 1345.[7]  Although statute of limitations issues seem likely to have an important role in this case,[8] they may be addressed more appropriately in a motion for summary judgment, wherein the factual and legal basis  of each of the government's assessments can be thoroughly analyzed.

Additionally, while Defendant Edelman certainly does have due process rights guaranteed by the Constitution, he has not shown, despite having noted certain procedures set forth in the Internal Revenue Manual, that they include a right to exhaust administrative remedies before being called upon to answer to this suit.  Not only does the Manual not create constitutional rights, but as Defendant himself argues, "the law overrides internal operating manuals," (Reply Resp. Mot. Dismiss  (Docket No. 10) at 3).  Thus, the filing of this suit is not unconstitutional and Defendant

---

to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. . . .

. . . .

**(c) Adjudication and decree.**--The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403.

[6]     Section 1340, Internal revenue; customs duties, provides in part that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."  28 U.S.C. § 1340.

[7]     Section 1345, United States as plaintiff, provides in part that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."  28 U.S.C. § 1345.

[8]     Indeed, in its Memorandum in Support of Motion of United States for Summary Judgment, the second of two "Questions Presented" by the United States is  "Whether the ordinary statutory periods for collection of federal income taxes for years 1979, 1980, 1981, 1982, 1987, 1992, 1993, and 1994 were suspended . . . ."  ((Docket No. 11-1) at 1.)

likewise has not shown that it is not ripe.  Finally, the collateral order doctrine is inapplicable, given the current posture of this case.

With regard to the Motion of United States for Summary Judgment, the Court notes that in response to Defendant's Motion to Compel Discovery, the Plaintiff stated that it does not oppose "the Court deferring ruling on the motion for summary judgment pending an opportunity for discovery."  (Resp. United States Mot. Compel Disc. ¶ 1.)  The Court also notes that while Magistrate Judge Puglisi denied the Motion to Compel as premature, (Mem. Op. Order Denying Def. Edelman's Mot. Compel (Docket No. 23)), he subsequently scheduled discovery, with a termination date of December 15, 2008, and set February 2, 2009, as the date by which pretrial motions, other than discovery motions, must be filed, (Scheduling Order  (Docket No. 26) 1, 2).  Given this schedule, in the interest of judicial economy and, particularly, in an effort to allow for orderly future briefing of the issues by the parties, the Court will deny as premature, and without prejudice, the government's Motion for Summary Judgment.  Accordingly, the Court also will deny Defendant's Motion to Strike as moot.

WHEREFORE,

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss (Docket No. 6), filed May 31, 2007, is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion of United States for Summary Judgment (Docket No. 11), filed August 21, 2007, is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Reply to Response to Motion for Summary Judgment (Docket No. 15), filed September 25, 2007, is **DENIED AS MOOT**.

**SENIOR UNITED STATES DISTRICT JUDGE**